51 F.3d 286
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, PLAINTIFF-APPELLEE,
v.
Michael CARSON, Defendant-Appellant,
 No. 94-3221.
 United States Court of Appeals, Tenth Circuit.
 March 20, 1995.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 This appeal is from an order of the district court denying petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. 2255. Petitioner appeals on the grounds that the district court erred in denying his motion to set aside his sentence based on an allegation of ineffective assistance of counsel, and in refusing to hold an evidentiary hearing on the motion to vacate, set aside, or correct the sentence. Petitioner further alleges that the district court violated Fed.R.Crim.P. 11(e)(1)(C) and U.S.S.G. 6B1.1(c) relating to the plea agreement and the district court's opportunity to review the presentence report. We AFFIRM.
 
 
 2
 This pro se petitioner pled guilty to distribution of cocaine base in violation of 21 U.S.C. 841(a)(1). He was sentenced to serve a term of imprisonment of 168 months on April 30, 1990. Petitioner appealed his sentence to this court. In an order entered on March 25, 1991, this court affirmed the sentence. The record of the sentencing hearing in this case makes clear that both the petitioner and the government were fully informed and agreed that the recommendation concerning the quantity of cocaine to be used for the purposes of imposing sentence was a non-binding recommendation and that the trial court would not be bound by this recommendation. Further, the court clearly advised the defendant that the plea agreement was not binding at the hearing in which the defendant entered his plea of guilty. All of petitioner's allegations upon which he bases his ineffectiveness of counsel claim are related to his claim that his attorney failed to fully inform him about the possible sentence that could be imposed upon him as a result of the findings related to the amount of cocaine upon which the sentence was based.
 
 
 3
 The record makes clear that the defendant was fully informed about the non-binding nature of the sentencing recommendation. Apparently defendant is claiming that his understanding of the plea agreement led him to believe he should expect a certain sentence. This allegation is contradicted by the record. Further, the import of this court's decision in affirming his sentence on direct appeal was that the defendant clearly understood that he could not withdraw his plea if the sentence was more severe than he had expected. Defendant has failed to show that he was prejudiced in any way by any actions of his appointed attorney. Strickland v. Washington, 466 U.S. 668 (1984). Thus, the district court did not err in denying petitioner's motion to set aside his sentence. Petitioner has failed to show either that he was deprived of effective assistance of counsel or that he was prejudiced by any statements or omissions by that counsel.
 
 
 4
 Further, the record makes clear that defendant was fully informed that he was not entitled to a specific sentence and that the sentencing recommendation was non-binding. Therefore, petitioner has no basis on which to claim that his guilty plea was involuntary or that any violation of Fed.R.Crim.P. 11 or of U.S.S.G. 6B1.1 occurred. The district court was not required to hold an evidentiary hearing under the circumstances of this case. We find no abuse of discretion in the determination of the district court that an evidentiary hearing was not required when the record in this case makes clear that the defendant was not entitled to relief. The order of the district court is AFFIRMED.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470